## REYNOLDS v. DOTHARD, et al.

1. A ratification of the act of one professing to act as agent, with knowledge of the facts, has the same effect as if the agent had been fully authorized to act, especially in a case where the person to be affected, was not privy to the act of the supposed agent.
2. Chancery will not interfere, when injustice would be done to an innocent person.
3. The answer of one partner, on behalf of the firm, is sufficient, where the members of the firm are not charged with personal knowledge of the facts.

Error to the Chancery Court of Talladega.

THE bill was filed by the plaintiff in error, and states, in substance, that T. & W. Dothard recovered before a justice of the peace of Randolph county, four judgments for $50 each, against one Weir, and one Adrian, from which an appeal was prayed by Weir, to the next county court of Randolph, and a bond executed in the penal sum of $455, conditioned to prosecute an appeal on the judgments so obtained, to which the name of the plaintiff in error was signed, without his knowledge, or consent. That he never saw the bond

until after the rendition of a judgment upon it against him in the county court, as surety for the appeal, and that he did not execute it, or authorize any one, either verbally or in writing, to execute it in his name, and that it is a base forgery. That Adrian, a party to the notes, has property sufficient to satisfy the judgment, but that the sheriff is about to levy and sell his property to satisfy it. Weir having absconded, &c. An injunction was decreed according to the prayer of the bill.

Thomas Dothard, one of the firm of T. & W. Dothard, answered the bill, and as to the material allegation of the forgery of complainant's name, denies all knowledge of the facts, but states his belief, and charges, that Weir had full authority to sign the name of complainant to the appeal bond.

Adrian also answers, and states that he was merely the surety of Weir. He denies all knowledge of the alledged forgery, but states his belief from information, that if Weir did sign the name of complainant to the bond, he was authorized to do so; and that Weir, when he left the State, placed funds in the complainant's hands to satisfy the judgment.

Judgments *pro confesso* were taken against the other defendants.

The testimony which was taken in the cause is sufficiently noticed in the opinion of the court.

The cause coming on to be heard before the chancellor, on bill, answers, and proof, he considered that the evidence established a parol authority to Weir to execute the bond in his name, a subsequent ratification of it by him, and also that Weir had placed funds in his hands to discharge the judgment, and decreed that he should be compelled in equity to confirm, and give validity to the appeal bond, and dismissed the bill.

An appeal is prosecuted from this decree to this court, and is now assigned as error.

L. E. Parsofs. for plaintiff in error, contended, that T. Dothard answered separately, and not for the firm. That the judgment *pro confesso* against the other partner, was an

Reynolds v. Dothard, et al.

admission of the allegations of the bill, which bound the firm. [Hutchings v. Childress & Baker, 4 Stew. & P. 44; Gow. on P. 211.]

The evidence only proves a subsequent parol admission that Weir had authority to sign his name, but had exceeded his authority. A delegated authority must be strictly pursued. [Fisher v. Johnson & Campbell, 9 Porter, 210.]

An authority to do an act under seal, must be conferred by an instrument of the same dignity. [Story on Agency, § 49; Harrison v. Jackson, 7 T. R. 203; 2 Pick. 345; 5 Mass. 11; 5 Humph. 37; 1 Yerger, 26; 1 Wend. 424; 9 Id.. 54, 68; 12 Id. 525; 6 G. & J. 254.]

He contended there was a plain distinction between this case and that of Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. R. 720, as there the authority was not to execute, but to fill a blank in a bond.

S. F. RICE, contra.

1. A parol authority to execute an appeal bond is sufficient, if the bond be executed before the authority is revoked.— [Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. R. 720.]

2. If such parol authority is not sufficient, yet if under it the bond be executed, and the party giving the authority has notice of it, and goes on to take full indemnity against the bond, such party is thereby estopped or precluded from asserting that he is not liable on the bond. [Chilton & Price v. Robbins & Painter, 4 Ala. R. 223.]

3. The fact that such bond was made for a larger sum than such party expected when he first gave the verbal authority, can make no difference ; especially when, with notice of its execution, he takes full indemnity. [Roberts v. Adams, 8 Porter, 297 ; Herbert v. Huie, 1 Ala. R. 18 ; May v. Nabors, 6 Ala. R. 24.]

4. If such parol authority is not binding, yet when the party who has given it, becomes an actor in a court of chancery, that court will not relieve him, unless he first does justice and equity. It will not help to avoid his liability, on a mere *technical rule of law*, when it is manifest that by so doing, the court is in fact enabling him to do injustice to just creditors. But in such case the court will " *compel the prin-*

*cipal to to confirm and give validity to the deed."* [Story on Agency, § 49.]

5. There is a fatal variance between the proof and the allegations of the bill, as to the amount of the judgment, &c.

ORMOND, J.—We shall not inquire whether a parol authority would be sufficient in any case to authorize the execution by an agent of a bond in the name of his principal, because in this case there was a ratification by the principal, of the act after it was done, with full knowledge of all the facts. The effect of such ratification is, in general, an admission that the agent had the necessary power to do the act. Much more so should this be the rule when, as in this case, those to be affected by it, are not in any manner connected with the act of the agent, or affected with knowledge of his want of authority. The consequence to them, is precisely the same as if the agent had been legally authorized to execute the bond. Their debt has been jeoparded, precisely as it would have been if the plaintiff had executed the bond in person, and this consequence has resulted, not from any trust reposed by them in the agent, but by the conduct of the plaintiff and his agent, for such he was, though informally authorized to act for him. In such a case, a ratification of the act, when done, with full knowledge of the facts, should have the same effect as if the agent had been duly authorized in the first instance.

But there are other considerations of an equitable nature, arising out of the proofs, equally, if not more conclusive against the relief sought by the bill. It appears that the plaintiff had received from Weir, the debtor, a sufficiency of property to discharge the debt, and that with these means in his hands, he solicited indulgence, and promised to pay the judgment; and that Weir, the debtor, has absconded. Under such circumstances, he cannot ask a court of chancery to interpose, and relieve him from the payment of a judgment, which is in force against him, and which in equity and conscience he is bound to discharge. To aid him in this, would be to become accessory to the commission by him of a fraud,

both on Weir and the judgment creditor, and the bill was correctly dismissed for this reason, if no other.

The rule is, that one partner may answer for the firm, and as it is not alledged that the facts were within the knowledge of the defendants, the implied admission from the judgment *pro confesso*, against one partner, would not dispense with proof of the facts upon which the equity depended, if it were admitted that in any case, the answer of one member of a firm, would not enure to the benefit of the firm. In addition, the defendant, Adrian, the surety of Weir, has the same interest in the controversy that the Dothards have, and he has answered the bill, and put in issue the facts upon which the relief is sought. Our conclusion upon the whole case is, that the decree must be affirmed.